IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GRANDE VOITURE D'OHIO LA : 
SOCIETE DES 40 HOMMES ET 8
CHEVAUX,

      Plaintiff, :

  v.

MONTGOMERY COUNTY :   Case No. 3:23-cv-155
VOITURE NO. 34 LA SOCIETE
DES 40 HOMMES ET 8   JUDGE WALTER H. RICE
CHEVAUX,

  and

CHARLES J. SIMPSON,
      Defendants.

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR
REMAND (DOC. #2); DEFENDANTS' MOTION FOR
CONSOLIDATION (DOC. #3) IS OVERRULED AS MOOT;
CAPTIONED CAUSE CASE IS REMANDED TO THE MONTGOMERY
COUNTY COMMON PLEAS COURT; TEMINATION ENTRY

---

Before this Court is a Motion for Remand, Doc. #2, filed by Plaintiff, Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux ("Plaintiff"). Defendants, Montgomery County Voiture No. 34 La Societe des 40 Hommes et 8 Chevaux ("Montgomery Voiture") and Charles J. Simpson ("Simpson") (collectively "Defendants"), filed a Response and Motion for Consolidation, Doc. # 3, with case # 3:23-cv-121, pending upon the docket of Judge Michael J. Newman.

For the reasons set forth below, Plaintiff's Motion for Remand, Doc. #2, is sustained.

I.   **Procedural Background**

The case comes before the Court on a Notice of Removal, Doc. #1, filed June 8, 2023. In their notice, Defendants state the "grounds for the removal are the acts under color of authority which deny Defendants their right to due process and equal protection of the law." *Id.* at PageID #2. Provided with the Notice of Removal are material from the state court: a Supplemental Motion for Contempt, Doc. #1-1, at PageID #4, an Order Sustaining Plaintiff's Motion to Strike, *id.*, at PageID #12, an Order Overruling Montgomery Voiture's Motion for Leave to File Motion for Summary Judgment and Sustaining Plaintiff's Motion to Strike Jury Demand, *id.*, at PageID #14, an Order Sustaining Plaintiff's Motion for Contenmpt [sic] and, finally, finding Montgomery Voiture's Motion Seeking an Award Pursuant to O.R.C. § 2323.51 to be Moot. *Id.*, at PageID #19.

On June 22, 2023, Plaintiff filed a Motion to Remand, Doc. #2, contending that the case should be returned to the Common Pleas Court because it fails to meet the statutory requirements for removal under 28 U.S.C. § 1446, specifically on jurisdictional and procedural grounds. *Id.*, PageID #33–34. On July 7, 2023, Defendants filed a Response to Plaintiff's Motion for Remand and Motion for Consolidation, Doc. #3, on the ground that 28 U.S.C. § 1443 permits removal because the case at issue is impacting Defendants' civil rights. *Id.*, PageID #38–39. On July 7, 2023, Plaintiff filed a Reply Memorandum, Doc. #4, contending

that the civil rights basis for removal provided under 28 U.S.C. § 1443 applies only to cases involving a "denial of rights relating to racial equality." *Id.*, at PageID #43 (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966) (holding that removal under 28 U.S.C. § 1443 was limited to only matters involving racial equality comparable to those covered by its precursor statute from 1866).

II.     **Legal Analysis**

Under 28 U.S.C. § 1443, a notice of removal must be filed within 30 days after service of either the initial complaint or an amended pleading or motion showing that the case has become removable. A matter is removable to federal court when proper jurisdiction exists over the parties and the legal question(s) presented. *See, e.g.,* U.S.C. §§ 1331–32 (establishing federal question and diversity jurisdiction).

Defendants' notice of removal did not provide the Court with a pleading or motion demonstrating compliance with both the requirements on federal jurisdiction and timeliness of the removal. The lone pleading supplied by Defendants along with the Notice of Removal filed with the Court on June 8, 2023, Doc. #1, was a supplemental motion for sanctions dated May 26, 2022. Doc. #1-1, PageID #4. The legal issue presented in said motion neither raised a federal question nor fell within the 30-day filing window required by U.S.C. § 1446((b)(3). As the Supreme Court held in *Rachel*, 384 U.S. at 792, removal to federal court under the U.S.C. § 1443 "color of authority" provision is limited to only to matters involving racial equality, which the Court finds missing from the

3

instant case. Additionally, even if there were a racial equality component to the case, the fact the notice of removal was filed more that one year after the motion that purportedly gave rise to Defendants' ability to remove the case to federal court would still prevent this Court from asserting jurisdiction.[1]

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Remand, Doc. #2, is sustained, Defendants' Motion for Consolidation, Doc. #3, is overruled as moot, and the case is remanded to the Montgomery County Common Pleas Court. The captioned case shall be ordered terminated upon the docket records of the United States District Court of the Southern District of Ohio, Western Division, at Dayton.

Date: September 27, 2023

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[1] In their notice of removal, Defendants did not cite 28 U.S.C. § 1332 as alternate grounds for federal jurisdiction based on diversity of citizenship; however, even if they had, that would also fail as the Defendants are citizens of Ohio. See 28 U.S.C. § 1441(b)(2) (stating a case is not removable if any of the defendants is a citizen of the State where suit is brought).